FILED
United States Court of Appeals
Tenth Circuit

May 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CRISTIAN RAZO SICAIROS, a/k/a
Cristian Sicairos Razo,

     Defendant - Appellant.

No. 14-1460
(D.C. No. 1:14-CR-00076-JLK-4)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

    Defendant-Appellant Cristian Razo Sicairos pled guilty to conspiracy to distribute

methamphetamine.  He appeals his sentence.

    At the sentencing hearing, the district court

  (1) calculated his United States Sentencing Guidelines range as 188 to 235
      months;
  (2) varied downward the equivalent of two offense levels; and
  (3) sentenced him to 188 months.

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

ROA, Vol. III at 26-30. The court failed to calculate the post-variance Guidelines range (which would have been 151 to 188 months) or explain the sentence imposed. *Id*. It then entered a written judgment indicating the sentence was below the Guidelines range. *See* ROA, Vol. I at 79, 80. Defense counsel did not object to the foregoing; our review is therefore for plain error. *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).

Mr. Sicairos argues, and the Government agrees, that the sentence is procedurally unreasonable under *Gall v. United States*, 552 U.S. 38 (2007), and constitutes plain error. We agree. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we vacate Mr. Sicairos's sentence and remand for resentencing.[1]

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge

---

[1] At the sentencing hearing, the court and counsel for both sides seemed to understand that a prospective amendment to the United States Sentencing Guideline ("U.S.S.G.") § 2D1.1 would have reduced the defendant's base offense level by two, and recognized the amendment would not be effective until November 1, 2014, the next month. ROA, Vol. III at 23-24, 27. We note that the Probation Office determined Mr. Sicairos was responsible for 11.59 kilograms of "ice." ROA, Vol. II at 10. This amount would appear to result in the same base offense level—38—both before and after the 2014 amendment to U.S.S.G. § 2D.1.1.