FILED
United States Court of Appeals
Tenth Circuit

February 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRISTIAN RAZO SICAIROS, a/k/a
Cristian Sicairos Razo,

    Defendant - Appellant.

No. 15-1422
(D.C. No. 1:14-CR-00076-JLK-4)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **KELLY** and **LUCERO**, Circuit Judges.**
_____

Cristian Sicairos appeals his below-Guidelines sentence of 151 months for

conspiracy to distribute. Exercising jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a), we affirm.

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** The Honorable Neil Gorsuch considered this appeal originally but did not
participate in this Order and Judgment. The practice of this court permits the
remaining two panel judges, if in agreement, to act as a quorum in resolving the
appeal. See 28 U.S.C. § 46(d); see also United States v. Wiles, 106 F.3d 1516, at n*
(10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum
to resolve an appeal); Murray v. National Broadcasting Co., 35 F.3d 45, 48 (2nd Cir.
1994), cert. denied, 513 U.S. 1082 (1995) (remaining two judges of original three
judge panel may decide petition for rehearing without third judge).

# I

In 2014, Sicairos and his co-conspirators were arrested after a confidential informant arranged a transaction involving several pounds of methamphetamine. Sicairos was observed transporting over seventeen pounds of methamphetamine from an apartment to a vehicle. He pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). Sicairos' presentence report noted a prior conviction for solicitation to commit possession of narcotic drugs for sale in Arizona state court and the fact that he illegally reentered the United States sometime prior to his arrest.

The district court initially sentenced Sicairos to 188 months' imprisonment. However, we remanded for resentencing because of a procedural error. See United States v. Sicairos, 601 F. App'x 752 (10th Cir. 2015) (unpublished). On remand, Sicairos moved for a downward variance to avoid a sentencing disparity as compared to his co-defendants. The district court denied his motion. It sentenced Sicairos to 151 months in prison, which reflected a downward variance equivalent to a two-level reduction in offense level based on the parties' belief at the time of their plea agreement that Sicairos' base offense level would be lower. Sicairos timely appealed.

# II

Sicairos argues that his sentence is substantively unreasonable primarily because of a disparity with his co-conspirators. We review for abuse of discretion.

2

Gall v. United States, 552 U.S. 38, 51 (2007). "[A]s long as the balance struck by the district court among the factors set out in [18 U.S.C.] § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008). "A disparity in sentences between codefendants does not alone constitute an abuse of discretion." United States v. Allen, 24 F.3d 1180, 1188 (10th Cir. 1994); see also United States v. Martinez, 610 F.3d 1216, 1228 (10th Cir. 2010) (section 3553(a) "does not require a consideration of co-defendant disparity").

We cannot say that the district court abused its discretion in sentencing Sicairos to 151 months' imprisonment. The disparity between Sicairos' sentence and those of his co-defendants is largely explained by the co-defendants' cooperation with the government and Sicairos' lack of cooperation. See United States v. Davis, 437 F.3d 989, 997 (10th Cir. 2006) (although "similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record" (quotation omitted)); see also United States v. Soto, 660 F.3d 1264, 1270 (10th Cir. 2011) (rejecting sentencing disparity argument because co-defendant's lower sentence explained by cooperation). Sicairos also fell into a higher criminal history category than all but one of his co-defendants. Further, "a criminal defendant alleging a disparity between his sentence and that of a co-defendant is not entitled to relief from a sentence that is properly within the sentencing guidelines and statutory requirements." Davis, 437 F.3d at

3

997.  The same is a fortiori true of a defendant who receives a below-Guidelines sentence.

Sicairos also argues that his sentence is disparate as compared to similar offenders nationwide.  But "a sentence within a Guideline range necessarily complies with § 3553(a)(6)."  United States v. Franklin, 785 F.3d 1365, 1371 (10th Cir. 2015) (quotation omitted).  Again, the same is true for below-Guidelines sentences.  And although Sicairos cites a handful of cases in support of his argument, comparing "an individual sentence with a few counsel-selected cases involving other defendants sentenced by other judges is almost always useless."  Id. at 1372 (quotation omitted).

Finally, we conclude that the district court adequately explained Sicairos' sentence.  It noted Sicairos' downward variance, past felony drug conviction, and his co-defendants' sentences, along with other § 3553(a) factors.  A district court "is not obligated to expressly weigh on the record each of the factors set out in § 3553(a)" as long as it "state[s] its reasons for imposing a given sentence."  United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006) (quotation omitted).  Nor must it "recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider."  Id. at 1115-16.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge